IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CHARLES WAYNE ELDRIDGE                                                    PLAINTIFF


v.                              CIVIL NO. 16-5289


NANCY A. BERRYHILL,[1] Commissioner
Social Security Administration                                            DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Charles Wayne Eldridge, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits (DIB) and his claims for supplemental security income (SSI) benefits under the provisions of Title II and Title XVI of the Social Security Act. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed his applications for DIB and SSI on March 24, 2014, alleging an inability to work since January 1, 2014, due to depression, fatigue, high blood pressure, and "stress reaction." (Tr. 237.) An administrative hearing was held on May 20, 2015, at which Plaintiff appeared with counsel and testified and a vocational expert (VE) also testified. (Tr. 41-73).

By written decision dated July 2, 2015, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe.

---

[1]Nancy A. Berryhiill has been appointed to serve as acting Commisioner of Social Security and is substituted as the Defendant pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: anxiety and depression. (Tr. 13.) However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 25). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant is limited to simple tasks, simple instructions, and limited contact with the general public.

(Tr. 15). With the help of a vocational expert (VE), the ALJ determined Plaintiff could perform work as a cleaner hospital laundry aid, conveyor feeder off bearer and hand packager. (Tr. 22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence submitted by the Plaintiff but denied the request for review on August 19, 2016. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 12).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In

other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the RFC as found by the ALJ was not the same as that presented to the VE in the hypothetical question posed to the VE at the hearing. As stated above, the ALJ found that the Plaintiff had the RFC to perform work which was limited to simple tasks, simple instructions, and limited contact with the general public. In the hypothetical posed to the VE, the ALJ did not phrase Plaintiff's RFC as involving limited contact with the general public, but instead phrased it as involving only incidental contact with co-workers. Any error by the ALJ in this regard was harmless, as the jobs identified by the VE are all rated in the Dictionary of Occupational Titles as "Not Significant" for the category "People: 8 – Taking Instructions – Helping." DOT § § 323.687-010, 921.686-014, 920.587-018. This rating has been construed as consistent with limitations to occasional, brief and superficial contact with co-workers and occasional interaction with the public. See e.g., Connor v. Colvin, No. 1:13-cv-00219-JAW, 2014 WL 3533466, *4 (D. Maine July 16, 2014); see also Alie v. Berryhill, No. 4:16-cv-1353-JMB, 2017 WL 2572287, *16 (E.D. Mo. June 14, 2017); Williams v. Commission of Soc. Sec., No. 8:17-cv-32-T-JSS, 2018 WL 992827, *3-4 (M.D. Fla. Feb. 21, 2018); Call v. Commissioner of Soc. Sec., No. 1:16-cv-1003 (WBC), 2017 WL 2126809, *5 (N.D. N.Y. May 16, 2017).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated above, in the ALJ's well-reasoned opinion, and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby

summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 28th day of February 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE